IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   09-cv-02913-LTB

ERIC LEONI and
HOPE LEONI,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY
DEVON TATE and
LAURA MORITA,

    Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiffs' Motion to Remand to State Court, filed December 22, 2009 (docket #8), Defendant Allstate Insurance Company's (hereinafter "Allstate") Response (docket #11), and Plaintiff's Reply (docket #12).  This case was originally filed in the District Court for the County of Boulder, State of Colorado and asserts claims against Defendant Allstate for breach of contract, unreasonable denial of insurance claims, and bad faith.  Oral argument would not materially assist the determination of this motion.  After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Plaintiffs' Motion to Remand to State Court, filed  December 22, 2009 (docket #8).

The following facts appear undisputed.  Defendant Allstate is a citizen of the State of Illinois with its principal place of business in Illinois.  Plaintiffs are citizens of the State of Colorado.  In Plaintiffs' Motion, Plaintiffs argue that Defendant Allstate has not established complete diversity for the purposes of removal and that the amount in controversy is not

established. In its Response, Defendant argued that Plaintiffs' failure to properly join and serve Defendants Tate and Morita allows for removal of the present case. In their Reply, Plaintiffs note that Defendant Tate, a citizen of the State of Colorado, was served with Plaintiffs' Complaint.

A defendant may remove to federal district court any action brought in state court so long as the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). In order for a federal district court to have original jurisdiction in a diversity case, the parties must be completely diverse and the amount in controversy must exceed $ 75,000. 28 U.S.C. § 1332(a). This action was removed to this Court based upon 28 U.S.C. § 1441(b) which requires, in part, that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Having reviewed the parties submissions, I find that Defendant Tate has been properly served and is a citizen of Colorado. Because Plaintiffs are also citizens of Colorado, I find that this case lacks a complete diversity of citizenship which defeats subject matter jurisdiction in this case. I further find that it is unnecessary for me to address any arguments regarding the amount in controversy as this case lacks diversity of citizenship.

Accordingly, Plaintiffs' Motion to Remand Action to State Court (docket #8) is **GRANTED**. It is

FURTHER ORDERED that this case is **REMANDED** to the District Court for the County of Boulder, State of Colorado.

Dated: January __21__, 2010.

                                        BY THE COURT:

                                        ___s/Lewis T. Babcock_____
                                        Lewis T. Babcock, Judge